## CONDIT v. GREGORY.

A *scire facias* is a judicial, not an original writ. And the court will, in their discretion, allow both the writ and declaration to be amended even after plea of *nul tiel record*, so as to conform to the record.

Before the CHIEF JUSTICE, and RANDOLPH, J.

Scire facias to revive a judgment after a year and a day. The defendant pleaded *nul tiel record.*

*Scofield,* for plaintiff, now moved to amend, the declaration, and also the *scire facias,* the judgment having been misrecited in the amount of the costs, and also in some formal matter.

*Wilson,* on behalf of Chandler, contra.

BY THE COURT. The practice of amending writs of *scire facias* has not been uniform. In *Beecksom* v. *Hoskins, Salk.* 52, in Error, the scire facias was, "wherefore he should not have execution of a judgment in ejectment for *two messuages,*" whereas the recovery was of *one messuage* only. The plaintiff in Error pleaded *nul tiel record.* The defendant moved to amend. The court said that nothing vicious or informal appeared to need an amendment. The writ was good, though improper for the purpose. The same case is reported by Lord Raymond (2 *Ld. Raym.* 1057), who questions the ruling of the court, and states that at the same time two writs of scire facias were amended, one of which recited a judgment as of the *third* year of the Queen, and it was amended and made the *first,* agreeably to the record. But in both these cases the amendments were made immediately on the return of the *scire facias,* and before plea pleaded.

In *Vavaso* v. *Baile, Salk.* 52, and in *Hillier* v. *Frost,* 1 *Stran.* 401, motions to amend the scire facias to make it conform to the original record, and also in the date of the return, were denied. By the ancient practice, it was considered that a scire facias in general was not amendable. 2 *Tidd's Pr.* 1036.

More recently, however, the courts have in repeated instances allowed the scire facias, and the declaration thereon, to be amended, and made conformable to the original record, after *nul tiel record* pleaded. *Sweetland* v. *Beezley, Barnes* 4; *Perkins' Adm'r* v. *Pettit,* 2 *Bos. & Pul.* 275; *King* v. *Scott* 4 *Price* 181; 2 *Arch. Pr.* 244; 2 *Tidd's Pr.* 1037, *note D;* 2 *Sell. Pr.* 64.

A *scire facias* is, in strictness, not an *original,* but a *judicial*

writ. Properly speaking, a scire facias to revive a judgment, is only the continuance of an action. 2 *Sell. Pr.* 187, 188.

It is therefore not within the objection made by Kirkpatrick, C. J., to amending a writ of dower. 1 *Halst.* 167.

Amendment allowed on payment of costs. (*a*)

---

(*a*) See also *d'Accord Braswell* v. *Jeco*, 9 *East.* 316 ; 4 *Dowl. Pr. C.* 67 ; 14 *Wend. R.* 526.